337 So.2d 481 (1976)
STATE of Louisiana
v.
Linza BALLARD.
No. 57705.
Supreme Court of Louisiana.
September 13, 1976.
*482 Donald R. Miller, Shreveport, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John A. Richardson, Dist. Atty., Eugene W. Bryson, Jr., Asst. Dist. Atty., for plaintiff-appellee.
TATE, Justice.
The defendant Ballard was convicted of attempted aggravated rape, La.R.S. 14:27, 42, and sentenced to twenty years imprisonment. Upon his appeal, he relies upon three assignments of error.
Assignment One
The defendant contends that his motion for a continuance was improperly denied. It was based on the failure to secure the testimony of an alibi witness, despite timely subpoena.
The defendant subpoenaed three alibi witnesses, both for when the case was previously set for trial on September 29 and again for when it was actually tried on November 17. On the first occasion, on the defendant's motion, the trial date was continued because at least one of the alibi witnesses did not appear. On the second occasion, the defendant filed his present motion on the ground that none of the three alibi witnesses had appeared despite their subpoenas.
At this time, immediately prior to the trial, the defendant's motion was denied, but the court issued bench warrants for two witnesses, who did testify at the trial.
The record does not reflect why a bench warrant was not issued to secure the attendance of a third witness (Bolden), nor does it reflect any defense objection to the failure to attempt to secure his attendance by bench warrant along with the others. (We note also that when one of the witnesses (Watson) disappeared during the trial, the defendant secured another bench warrant to secure his testimony, but again did not at this time move to secure Bolden's attendance too.)
However, because this third witness (Bolden) did not testify at the trial, the defendant now claims that the denial of his motion for a continuance caused him prejudice.
*483 The motion for continuance had claimed that the three then-missing witnesses would place the defendant at a pool hall from 3:00 p.m. to 7:00 p.m. on the day of the attempted rape, which took place at 5:00 p.m. At the trial, the two of these witnesses who did testify could not in fact place the accused at the pool hall at the time of the attempted rape, which took place six blocks away.
The defendant's mother and brother did testify in support of his alibi that he was at the pool hall at 5:00 p.m., when the attempted rape took place six blocks distant.
The granting of a continuance is addressed to the sound discretion of the trial court, La.C.Cr.P. art. 711, save for those grounds peremptorily required by statute, La.C.Cr.P. art. 712 (which do not include the present). In the exercise of the trial court's discretion, its denial of a continuance will be disturbed on review only in the instance of a clear abuse. State v. Polk, 258 La. 738, 247 So.2d 853 (1971).
Under the circumstances shown, we find no abuse of the trial court's discretion in denying a continuance, nor any merit to this assignment of error complaining of this denial.
Assignment Two
The defendant contends that the trial court erroneously overruled his challenge for cause of a prospective jurors. The challenge for cause is based on the alleged implied bias of the venireman, La.C.Cr.P. art. 797(3), because he served as an unpaid auxiliary policeman in connection with his civil defense duties. These principally consisted of occasionally riding on nighttime patrol with a policeman; the last such incident had occurred three weeks prior to the trial.
When the defendant's challenge for cause was overruled, he exercised his right to challenge the venireman peremptorily. La.C.Cr.P. art. 799. The defendant subsequently exhausted all his peremptory challenges prior to selection of the jury.
Preliminarily, the state contends that the defendant sustained no prejudice because the allegedly biased juror did not actually serve on the trial jury.
However, the accused is entitled to complain on appeal of an erroneous overruling of his challenge for cause; for the effect of the ruling, if erroneous, is either to deprive him of a peremptory challenge to which he is entitled by law or else to force him to accept an obnoxious juror. La.C.Cr.P. art. 800 (see also Official 1966 Revision Comment, explaining the clear language of the article as having an intended effect to adopt the dissenting opinion of Chief Justice O'Niell in State v. Breedlove, 199 La. 965, 7 So.2d 221, 232 (1942) and to overrule legislatively the majority holding therein.) This being so, the merit of the ruling is before us.
The service on a criminal jury of one associated with law enforcement duties must obviously be scrutinized closely and may ordinarily justify a defense challenge for cause, although in absence of legal disqualification he is not incompetent to serve. Cf. Rideau v. Louisiana, 373 U.S. 723, 83 S.Ct. 1417, 10 L.Ed.2d 663 (1963), 4 Wharton's Criminal Procedure, Section 452 (12th ed., Torcia ed., 1975), and 50 C.J.S. Juries §§ 210, 229.
We find no prohibition against jury service by an unpaid volunteer who peripherally and occasionally assists in law enforcement. The examination of this venireman showed no knowledge or connection by him with the acts involved with the present prosecution, nor with any of the officers participating in its investigation. We are unable to find that the trial court abused its discretion in overruling the defendant's challenge for cause to this venireman (otherwise shown to be a fair and competent juror), which was based solely upon his occasional volunteer duties in civil defense work.
Assignment Three
The defendant complains that his motion for a new trial was erroneously denied. Upon examination of the trial record, *484 we find no merit to the factual complaints to the effect that the state did not prove elements of the crime: That the accused was not the husband of the victim, and that the victim resisted to her utmost.
The final complaint of the motion is that the defendant was incapable of committing the crime because he did not obtain an erection. This contention overlooks that the defendant is tried for the undoubted attempted rape by forcethe victim was thrown to the floor, her hand was broken, she was forced to disrobe at knife point and lie on a couch, the accused pulled his trousers down and attempted to have intercourse. For an attempted crime, "it shall be immaterial whether, under the circumstances, he [the accused] would have actually accomplished his purpose." La.R.S. 14:27.
We find no merit to this assignment.

Decree
For the reasons assigned, we affirm the conviction and sentence.
AFFIRMED.