391 So.2d 1156 (1980)
STATE of Louisiana
v.
Robert LEWIS.
No. 67799.
Supreme Court of Louisiana.
December 15, 1980.
*1157 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Kay Kirkpatrick, Asst. Dist. Atty., for plaintiff-appellee.
Otha Nelsen, Baton Rouge, for defendant-appellant.
BLANCHE, Justice.
Defendant was convicted of armed robbery in violation of La.R.S. 14:64 and was sentenced to serve 25 years at hard labor with credit for time served without benefit of probation, parole or suspension of sentence. On appeal, defendant makes fifteen assignments of error. We consider only that assignment which complains of the judge's refusal to excuse one of the jurors for cause. Finding that the trial judge abused the discretion reposed in him in ruling on challenges for cause, we reverse the conviction and remand the case to the district court for a new trial.
The defendant used all of his peremptory challenges at the time the challenge for cause as to prospective juror Kay F. Howell was denied by the trial judge. Mrs. Howell was a law graduate and had worked in the district attorney's office as a law clerk from January through May of 1979. When the case was called for trial on September 12, 1979, Mrs. Howell was awaiting the result of the bar examination which she had recently taken. The evidence further shows that, although Mrs. Howell was not working for the district attorney at that time, she had made application to him for a job. Upon questioning, Mrs. Howell was warned against becoming a legal advisor to the jury, and stated that she would render a fair and impartial verdict.
The issue is whether, under the circumstances, the defendant is denied his constitutional right to a fair trial by an impartial jury. Both the federal and state constitutions provide that a defendant in a criminal prosecution has a right to a trial by an impartial jury. U.S.Const. Amend. 6; La. Const. art. 1, § 16.
*1158 In Phillips v. Smith, 485 F.Supp. 1365 (1980), a juror had filed an application for a job in the prosecutor's office after being selected to serve on the jury in a criminal case in which the defendant was being tried for a capital crime. That Court, in reversing the issue in favor of a new trial for the defendant, stated the "average man" test for implied jury bias. The test, in essence, states that the defendant is denied due process of law where circumstances affecting the juror exist which would offer a possible temptation to the average man to forget the burden of proof required to convict the defendant or which might lead him not to hold the balance nice, clear and true between the state and the accused.
Quoting from United States v. Wood, 299 U.S. 123, 146, 57 S.Ct. 177, 185, 81 L.Ed. 78 (1936), the Court, commenting with respect to jury bias, stated:
"Impartiality is not a technical conception. It is a state of mind. For the ascertainment of this mental attitude of appropriate indifference, the Constitution lays down no particular tests and procedure is not chained to any ancient and artificial formula."
Our resolution of the issue is found in La.C.Cr.P. art. 797(3), which provides that the state or defendant may challenge a juror for cause on the ground that the relationship between the juror and the district attorney is such that it is reasonable to conclude that it would influence the juror in arriving at a verdict. However, a defendant cannot complain of a ruling refusing to sustain a challenge for cause made by him, unless his peremptory challenges have been exhausted before completion of the panel. The defendant, having exhausted all of his peremptory challenges before completion of the panel, was entitled to complain on this appeal of the ruling of the trial judge refusing to maintain his challenge for cause. State v. Qualls, 353 So.2d 978 (La.1978); State v. Ballard, 337 So.2d 481 (La.1976). The trial judge is vested with broad discretion in ruling on a challenge for cause, which ruling will not be disturbed on appeal absent a showing of abuse of that discretion. State v. Drew, 360 So.2d 500 (La.1978). However, service on a criminal jury by one associated with law enforcement duties must be closely scrutinized and may justify a challenge for cause, although such association does not automatically disqualify a prospective juror. State v. Robinson, 353 So.2d 1001 (La.1977); State v. Madison, 345 So.2d 485 (La.1977).
A prospective juror's statement that he will be fair and impartial is not binding on the trial court. If the revealed details of the relationship are such that bias or prejudice may be reasonably implied, a juror may be properly refused for cause. State v. Monroe, 366 So.2d 1345 (La.1978).
Although Mrs. Howell was not working for the district attorney at the time of the trial, she had ceased her employment with him during the month of May of that same year and, at the time of trial, was awaiting the result of the bar examination. Furthermore, it may be reasonably concluded that she had intentions of working for the district attorney in the future, as she had made application to him for a job. Under these circumstances, we conclude that the juror's relationship with the district attorney was such that it would influence the juror in arriving at a verdict, and the defendant's conviction, therefore, must be reversed.
For the reasons assigned, the conviction and sentence are reversed, and the case is remanded to the district court for a new trial.
REVERSED AND REMANDED.