PRICE, Judge.
On March 8,1982, defendant was charged by a grand jury indictment with the offense of incest of his 14-year-old daughter, in violation of La.R.S. 14:78. He was found guilty by a jury and sentenced to serve nine (9) years at hard labor. It is from this conviction and sentence that defendant appeals alleging eight assignments of error. FACTS:
The facts of the case are essentially that defendant and his daughter, while hunting in the woods behind their home in Winn Parish in the fall of 1980, engaged in sexual intercourse.
ASSIGNMENT OF ERROR No. 1
Defendant contends the trial court erred in not sustaining the challenge for cause of prospective juror Carl Womack after he made a prejudicial remark concerning the penalty for the crime charged. On voir dire Womack was asked certain questions concerning the crime of incest and the penalties involved. He expressed his opinion that the punishment “wasn’t rough enough.” When questioned further about his opinion he admitted he had no knowledge of the penalty for incest and further made the statement “just shoot him and be done with it.” Defendant’s challenge for cause was overruled by the court. Defendant used a peremptory challenge to excuse *231 Womack and as his remaining 12 challenges were exhausted prior to completion of the panel, he may properly complain of the court’s ruling under La.C.Cr.P. Art. 800. See also State v. Sugar, 408 So.2d 1329 (La.1982).
Defendant contends that the statement made by the prospective juror was a ground for which a challenge for cause should have been sustained. The issue in this assignment is whether or not the statement “just shoot him and be done with it” in light of the entire questioning on voir dire was enough to be considered a challenge for cause such that failure to do so would constitute an abuse of the trial judge’s wide discretion. “The trial judge is vested with broad discretion in ruling on challenges for cause, and only where it appears, upon review of the voir dire examination as a whole, that the judge’s exercise of that discretion has been arbitrary or unreasonable, resulting in prejudice to the accused, will this Court reverse the ruling of the trial judge.” State v. Passman, 345 So.2d 874 (La.1977).
Before determining whether the challenge for cause should have been sustained, the voir dire examination of Womack must be considered as a whole. Womack made the prejudicial statement in regard to the penalty of one found guilty of the crime of incest. It did not directly relate to the prospective juror’s impression of guilt as to this particular defendant. In fact, when asked by the district attorney whether he could be a fit juror, he said he knew of no reasons why he could not.
Looking at the entire testimony on voir dire, it appears that the prospective juror’s prejudicial remark referring to the penalty was not prejudicial to the guilt of this defendant. He stated that he could be a fair juror and as such it was not error for the trial judge to overrule defendant’s challenge for cause. See also State v. Heard, 408 So.2d 1247 (La.1982). Defendant’s allegation of error therefore lacks merit.
ASSIGNMENT OF ERROR NO. 2
Defendant contends in this assignment of error that it was improper for the trial judge to limit his examination of prospective juror, Donald Turner. On voir dire, the defense attorney asked Mr. Turner whether he would require testimony of the accomplice to be corroborated by other evidence. The prosecuting attorney objected to this question as being a misstatement of the law and misleading. The trial court sustained the objection.
The scope of the voir dire examination is within the discretion of the Court, as expressed by La.C.Cr.P. Art. 786:
The court, the state, and the defendant shall have the right to examine prospective jurors. The scope of the examination shall be within the discretion of the court. A prospective juror, before being examined, shall be sworn to answer truthfully questions asked him relative to his qualifications to serve as a juror in the case.
State v. Robinson, 404 So.2d 907 (La.1981), defines the discretion given a trial judge on voir dire examinations as follows:
Voir dire examination is designed to test the competency and impartiality of prospective jurors and may not serve to pry into their opinions concerning evidence to be offered at trial.
It is well-established that the scope of voir dire examination is within the sound discretion of the trial judge and his rulings thereon will not be disturbed in the absence of clear abuse of discretion.
Undoubtedly, the defense is entitled to wide latitude in examining prospective jurors. This right is, however, to be exercised within the discretion of the trial judge who determines the scope of the examination under the prevailing facts and circumstances. And when the question arises whether voir dire examination has been unduly restricted, the disallowance of a proper question is not automatically reversible. In evaluating the fairness of the ruling, the entire examination must be considered, (citations omitted) 404 So.2d 907 at pp. 911, 912.
As a prosecution for incest normally involves two persons only and they often have *232 no other witnesses to corroborate the testimony of the two persons involved, there is no requirement that other testimony be adduced in order for guilt to be found. In the case at hand, the defendant’s daughter was the only witness to the crime. Defendant misstated the law in implying that the victim’s testimony be supplemented by other testimony. The trial court was correct in disallowing the question and as such no merit can be found in defendant’s second assignment of error.
ASSIGNMENT OF ERROR NO. 3
Defendant contends that it was error for the trial court to allow the age of the victim to be introduced into evidence. He contends that it was error to introduce such evidence as it was prejudicial and irrelevant.
When a jury is told by a 16-year-old that at the age of 14 she was having sexual intercourse with her father, it may very well inflame the jurors. Yet, that alone would not make it error for the trial court to allow the victim’s age to be introduced at trial. In evaluating the testimony of witnesses, it is advantagéous to the jury to allow the age of a witness to be expressed. The witness’ credibility is at issue so the more the jury can learn about the witness’ personal history such as age, education, occupation, etc., the more easily the jury can establish what weight it will give to the witness’ testimony. In light of this rationale, it is apparent that defendant’s third assignment of error lacks merit.
ASSIGNMENT OF ERROR NO. 4
The defendant contends that the trial judge erred in refusing to allow the defense attorney to ask the witness, defendant’s daughter, whether it was true that on an occasion she ran off with a truck driver. When the question was asked, the prosecutor objected to the statement as being irrelevant, and the objection was sustained.
The following colloquy took place at trial:
Q ..., this ... do you have any idea as to the dates that you are trying to tell us that you had the relations with your father?
A It was about in ...
Q Well, let me ask you this. It ... it is true that you left school and run off from home and went up in Mississippi somewhere ...
BY MR. BRICE: We object.
Q ... with a truck driver, is it not?
BY MR. BRICE: That is not relevant and Mr. Sanders knows it.
BY MR. SANDERS, JR.: I am trying to find out when the date was.
BY THE COURT: The objection is sustained.
The question adduced by defense attorney is not relevant to the determination of the guilt or innocence of his client. If he asked the question to get a time frame as to when the crime occurred, he would have allowed the witness to answer the question the first time that he asked her to be specific as to the date, and he would not have interrupted her answer by asking about “running away with a truck driver.” There was no abuse of trial court discretion in sustaining the objection, therefore, defendant’s assignment of error lacks merit.
ASSIGNMENT OF ERROR NO. 5
Defendant contends that it was error for the trial judge to allow testimony concerning other sexual relations between defendant and his daughter, as they were prejudicial and irrelevant. It is true that defendant was on trial for one specific, act of intercourse with his daughter only, so as a general rule evidence of other crimes is not allowed to be introduced. The exception to this is present in the case now before this court. The prosecutor was careful not to ask questions concerning other sexual activities'between defendant and his daughter. It was defendant’s counsel who first questioned the witness about other occasions concerning sexual activity.
After the defense first asked the witness if she had engaged in sex before and after the crime for which defendant was on trial, the prosecutor had a right to allow the witness an explanation of her answers to those questions. State v. Ratcliff, 416 So.2d 528 (La.1982).
The trial court is given discretion in controlling the redirect examination of witness *233 and absent abuse the conviction will not be overturned on appeal. State v. Chapman, 410 So.2d 689 (La.1982). No abuse can be found in this instance. Defendant’s assignment of error lacks merit.
ASSIGNMENTS OF ERROR NOS. 6 and 7
Defendant asserts in these two assignments of error that the state failed to include in its answers to defendant’s bill of particulars that testimony would be adduced concerning references that defendant made to the Bible and also testimony of defendant’s non-response when questioned about the incest episode by members of his family.
Defendant in his bill of particulars, asked for the following information:
11. Has the defendant made any confession, admission or statement, or a written statement, inculpatory or exculpatory; if affirmative, oyer thereof, including a full statement of the substance, nature, and contents thereof.
The state’s response was as follows:
11. Yes; as stated to various family members, words to the effect that it is not all my fault; there is a Biblical precedent; I don’t want to hurt ... anymore; in other statements admitting commission of sexual intercourse with Kimberly, the victim, all of which were made at different times and places following his initial arrest but after his release from custody on bond.
Defendant contends that the admission of his commission of the offense as expressed by one of his daughters was not included in the answer and thus a surprise to the defense. He states that the state did not forewarn him that those statements would be used at trial. Such is not the case. In the above answer to the defendant’s request, the state gave the defendant ample information that a statement with Biblical reference would be utilized as well as other statements that defendant had made admitting his commission of the crime before family members. Although the prosecution did not give the statements to the defendant verbatim, it did give the general nature and as such the defendant was informed of their existence.
Furthermore, prior to trial and pursuant to La.C.Cr.P. Art. 769, the state gave notice to defendant that it would be introducing into evidence inculpatory statements that defendant made at his home, the home of Mr. and Mrs. Pinder, and at Ronnie Bruce’s home. The testimony that defendant objects to are statements that he made at his home and at Ronnie Bruce’s home. As he was given prior notice, no surprise can be found and defendant’s assignments of error lack merit.
ASSIGNMENT OF ERROR NO. 8
Defendant’s final assignment of error is that the trial court erred in defining “cohabitation” as “any act of intercourse.” He argues that the meaning expressed by the trial court is not realistic nor within the purpose that the statute seeks to present.
Cohabitation as set forth in La.R.S. 14:78 has been interpreted as sexual intercourse since its enactment in 1884. See State v. Spurling, 115 La. 789, 40 So. 167 (La.1906). As such, defendant’s final assignment of error also lacks merit.
For the foregoing reasons, the conviction and sentence are AFFIRMED.
AFFIRMED.