475 So.2d 61 (1985)
STATE of Louisiana, Appellee,
v.
Charlie Lee MITCHELL, Appellant.
STATE of Louisiana, Appellee,
v.
Clyde B. MITCHELL, Appellant.
No. 17083-KA, 17088-KA.
Court of Appeal of Louisiana, Second Circuit.
August 21, 1985.
*62 Brenda Faye Brown, Monroe, for appellants.
William J. Guste, Jr., Atty. Gen.,
Rene I. Salomon, Asst. Atty. Gen., Baton Rouge, for appellee.
Before HALL, SEXTON and NORRIS, JJ.
SEXTON, Judge.
The defendants, Charlie Mitchell and Clyde B. Mitchell, were each jointly charged with two counts of distribution of a controlled dangerous substance, PCP, conspiracy to distribute PCP, and possession of marijuana with intent to distribute. Subsequent to a joint trial on October 17, 1984, the jury found defendant Charlie Mitchell guilty as charged of all four counts and found defendant Clyde Mitchell guilty as charged of counts one, two and three, and guilty of the responsive offense of possession of marijuana with respect to count four. On November 16, 1984 the defendants were sentenced by the trial court and each separately appealed to this court. Because we find merit in a common assignment of error, we consolidate these separate appeals for decision, reverse the convictions, and pretermit consideration of the remaining assignments of error argued by the defendants.
The events giving rise to the distribution charges at issue stem from alleged purchases of prohibited controlled dangerous substances from the two defendants during late June and July of 1983. The possession of marijuana with intent charge results from events occurring at the time of the arrest of the defendants on September 21, 1983.
The common assignment in which we find merit involves the denial of challenges for cause with respect to the juror James Evans. Subsequent to being accepted by the state, the defendant Charlie Mitchell challenged the juror James Evans for cause. The trial court overruled the challenge and objections were entered by both defendants. The grounds for the challenge were sufficiently articulated.[*]
The record shows that during voir dire, the juror James Evans revealed that in addition to his employment as comptroller for a local concern, the juror served as a reserve police officer with the Monroe Police Department, and had done so since moving to the Monroe area about three years previously. Thus, he was working as a reserve officer with the Monroe Police Department during the time the investigation involving the defendants was being conducted and at the time of the trial. In his response to examination from defense counsel he stated that he was not involved with the investigation of these defendants and had no knowledge about the case through his work with the police department.
Mr. Evans candidly testified that his duties as a reserve officer required that he respond to whatever orders were received from the chief of police including riding patrol, working special events and operating stakeouts. He stated further that he knew two of the officers involved in the investigation, Tillman and Buford, but had never worked with them. He further stated that he had worked for another prospective state witness, Pat Stewart, Metro Narcotics Squad Supervisor, in backing up regular *63 officers at rock concerts. Mr. Evans stated that in spite of these factors he felt that he could be fair and impartial and render a verdict in the case which would fairly respond to the evidence presented.
In making the decision to excuse a juror for cause, the trial judge is vested with broad discretion. Only where it appears upon review of the entire voir dire examination that the judge's exercise of that discretion has been arbitrary or unreasonable, resulting in prejudice to the accused, should his decision be reversed. State v. Passman, 345 So.2d 874 (La.1977); State v. Griffin, 438 So.2d 229 (La.App. 2d Cir.1983), writ denied, 443 So.2d 582 (La. 1983).
Service on a criminal jury by one associated with law enforcement duties must be closely scrutinized and may justify a challenge for cause although such association does not automatically disqualify a prospective juror. State v. Robinson, 353 So.2d 1001 (La.1977); State v. Madison, 345 So.2d 485 (La.1977).
In State v. Simmons, 390 So.2d 1317 (La.1980), the Supreme Court held that notwithstanding a juror's assertions of impartiality, one who has a graduate degree in law enforcement, is employed by the sheriff's office, and is working closely with the district attorney's office, must be affected by that employment relationship to such an extent that it is reasonable to conclude that the juror's verdict would have been influenced. In so holding, the Supreme Court noted that "... [t]he guarantee of an impartial trial in Article 1, Section 16 of the Louisiana Constitution of 1974 is offended by the presence on a jury of a badge-wearing law enforcement officer." (Citations omitted.) The court further held that an actively employed criminal deputy sheriff is not a competent criminal juror, overruling prior jurisprudence to the contrary.
In State v. Chapman, 410 So.2d 689 (La.1982), appeal after remand, 436 So.2d 451 (La.1983), the Supreme Court in a footnote succinctly reviewed the jurisprudence on the issue of dismissal of a juror for cause because of a law enforcement connection in upholding the trial court's denial of the defendant's challenge for cause of a prospective juror who had been a warden of a local parish prison for twenty years, but had been retired for four or five years.
1. The following cases were reversed where the trial judge denied challenges for cause of prospective jurors: State v. Lewis, 391 So.2d 1156 (La.1980) (venireman was law graduate who had worked in district attorney's office as a law clerk and had application to him for a job pending at the time of trial); State v. Simmons, 390 So.2d 1317 (La. 1980) (challenged juror was investigator with sheriff's department who knew majority of employees in the district attorney's office including four officers who were to testify on behalf of the state, and had worked closely with district attorney's office while earning a graduate law enforcement degree); State v. Monroe, 366 So.2d 1345 (La.1978) (juror was assistant district attorney who worked in the same office with prosecuting attorney); State v. McIntyre, 365 So.2d 1348 (La. 1978) (venireman was retired captain of state police who had worked for the state for twenty years, had often served as a witness for the state, and had a long-standing relationship with officers called as witnesses).
The following were affirmedall cases in which challenges for cause (of law enforcement-connected jurors) were denied: State v. Baldwin, 388 So.2d 664 (La.1980) (first juror challenged was personal friend with police officer who testified at trial, second juror challenged was a prior assistant chief of police who had been retired for sixteen years, another challenged juror was acquainted with law enforcement people and had a brother-in-law who was a policeman, fourth prospective juror's son was a deputy and she knew other law enforcement officers); State v. Allen, 380 So.2d 28 (La. 1980) (one challenged juror had a brother and grandfather who were policemen, another juror's husband worked for the district *64 attorney's office as an investigator); State v. Sonnier, 379 So.2d 1336 (La. 1979) (challenged venireman's brother was sheriff in another parish); State v. Carthan, 377 So.2d 308 (La.1979) (juror was acquainted with prosecuting attorney); State v. Qualls, 353 So.2d 978 (La. 1977) (challenged juror's husband was a police officer); State v. Madison, 345 So.2d 485 (La.1977) (venireman's brother-in-law had been deputy sheriff for over a year); State v. Calloway, 343 So.2d 694 (La.1976) (juror's nephew was a police officer); State v. Clark, 340 So.2d 1302 (La.1976) (one challenged juror was volunteer coach for police combat team, another challenged juror was assistant to engineer in traffic court building); State v. Ballard, 337 So.2d 481 (La.1976) (venireman was unpaid auxiliary policeman in connection with his civil defense duties); State v. Wilkerson, 326 So.2d 353 (La.1976) (challenged juror was security guard at state penitentiary up until five years before trial).
In determining that the juror was competent in Chapman, the court noted that the former officer had been retired for four or five years and had "no current relationship with law enforcement agencies." Moreover, the court pointed out that as a jailer, the juror was a custodian and administrator not active in the competitive business of law enforcement. The court went on to note that it did not mean to indicate that one who was employed as a jailer was automatically competent to serve, but pointed out that the issue was whether the circumstances of the juror's law enforcement employment were sufficient to destroy his impartiality as a juror.
Of those cases noted in Chapman, State v. Lewis, 391 So.2d 1156 (La.1980), is of interest. In that case, the court determined that the prospective juror, a law graduate who had previously worked in the district attorney's office as a clerk while awaiting the results of the bar examination and had made application to the district attorney's office for a job upon receipt of those examination results, should have been disqualified.
Not mentioned in Chapman but also of interest is State v. Sylvester, 400 So.2d 640 (La.1981). There the Supreme Court determined that a prospective juror who had been retired for a relatively short time from the agency making the case and whose son currently served as a detective with that department was incapable of serving as an impartial juror. The juror had known the senior investigator in the case for fourteen years and served as his supervisor. He had also served with three of the other officers scheduled to testify. The obvious distinction between Sylvester and Chapman is that in Sylvester the law enforcement association was recent and the prospective juror had been closely associated with the potential law enforcement witnesses.
In contrast to Lewis, Simmons and Sylvester is State v. Ballard, 337 So.2d 481 (La.1976). In Ballard, the prospective juror was an unpaid auxiliary policeman in connection with his civil defense duties. The duties required that he occasionally ride nighttime patrol with an officer, the last occasion of which occurred three weeks prior to the trial. While noting that service on a criminal jury by one associated with law enforcement may ordinarily justify a defense challenge, the court found that because the juror was an unpaid volunteer who only "peripherally and occassionally" assisted law enforcement and had no connection with the present prosecution or any of the officers involved in the case, the juror in question was incapable of serving as an impartial juror.
In our view, the circumstances here presented more closely resemble those in Lewis, Sylvester and Simmons than Ballard. It appears that in all the cases of which we are aware except Ballard that each juror had a personal and current or recent active association with law enforcement that was deemed likely to influence that juror to the extent that he should be disqualified. Moreover, a strong argument can be made that Ballard has been implicitly *65 overruled by the more recent jurisprudence.
Consequently, our review of the extensive Supreme Court jurisprudence on the issue of jury service by one associated with law enforcement activities causes us to determine that the trial court erred in failing to sustain the challenges for cause by the defendants to this juror. We conclude that our Supreme Court has deemed that one serving in the capacity as an active or reserve peace officer, such as a deputy sheriff or police officer, is too likely to be influenced as a juror by that association and should be disqualified from jury service.
The convictions of both defendants are therefore reversed and the cause is remanded for a new trial.
REVERSED AND REMANDED.
NOTES
[*] Since the amendment to LSA-C.Cr.P. Art. 800 by Act No. 181 of 1983 it is no longer necessary that a defendant exercise all of his peremptory challenges in order to pursue an overruled challenge for cause on appeal. All that is necessary is that an objection be made at the time of the ruling and that the grounds therefor be stated at the time the objection is made.