557 So.2d 1388 (1990)
STATE of Louisiana
v.
Robert M. HALLAL.
Nos. 89-K0-1505, 89-K-1518.
Supreme Court of Louisiana.
March 14, 1990.
*1389 William E. Tilley, Dist. Atty., Asa Skinner, Asst. Dist. Atty., for respondent.
Tony C. Tillman, Tillman & Anderson, Leesville, for defendant-applicant.
William J. Guste, Jr., Atty. Gen., William E. Tilley, Dist. Atty., Asa A. Skinner, Asst. Dist. Atty., for plaintiff-respondent.
PER CURIAM:[*]
The defendant was charged by bill of information with two counts of armed robbery in violation of La.R.S. 14:64. After trial by jury beginning on May 11, 1988, the defendant was found guilty as charged on both counts. Thereafter, the trial court sentenced him to concurrent terms of thirty (30) years' imprisonment at hard labor without benefit of suspension of sentence, probation, or parole. On appeal, the Third Circuit affirmed the convictions and sentences. State v. Hallal, 544 So.2d 1222 (La.App. 3rd Cir. 1989). Defendant, in his own right and through counsel, sought review of that decision in this Court, 556 So.2d 46 (La. 1990), and we now reverse.
The first panel of prospective jurors called for voir dire examination included Mrs. Shirley Wilson, the wife of a 15-year veteran of the Vernon Parish Sheriff's Office. Through contacts with her husband, who worked as a reserve deputy sheriff in Evans, Louisiana, 20 miles from Leesville where the crimes were committed, Wilson knew five of the police officers the state intended to call as witnesses at trial. The officers had been involved in arresting the defendant, securing his unrecorded confession, and in retrieving evidence from the scene.
Viewed in their entirety, Mrs. Wilson's responses on voir dire gave the trial judge a reasonable basis for believing that her relationship with her husband, who had no part in the investigation of this case, would not have influenced her. She acknowledged that the defendant was presumed innocent, that the state had the burden of proof in the case beyond a reasonable doubt, and that any impression she may have had about the case would have to yield to the evidence at trial. Nevertheless, Mrs. Wilson also indicated that she would tend to believe the state's police witnesses "[n]ot because they were law enforcement officers, but because I know them." When asked by the trial court whether she knew of any reason why at that moment she could not be fair, she answered, "No, other than I know these people...." Mrs. Wilson added that while she had no close personal ties with the officers, "I just feel like the ones that I know are honest people ... and I don't think they would lie...."
While the trial judge is accorded broad discretion in ruling on challenges for cause, this Court has cautioned that "[a] challenge for cause should be granted, even when a prospective juror declares his ability to remain *1390 impartial, if the juror's responses as a whole reveal facts from which bias, prejudice or inability to render judgment according to law may be reasonably implied." State v. Jones, 474 So.2d 919, 926 (La. 1985); State v. Smith, 430 So.2d 31 (La. 1983); State v. Monroe, 366 So.2d 1345 (La.1978). In this case, Mrs. Wilson never expressly stated that she could put aside her acquaintanceship with the police officers, and it was not reasonable for the trial court to accept assurances that she would judge the case impartially on the evidence at trial from a juror who began with the premise that the police officers directly involved in the arrest and questioning of the defendant were telling the truth.
The trial court's erroneous ruling prejudiced the defendant as counsel exhausted his peremptory challenges in the course of the voir dire examination. Cf., State v. Vanderpool, 493 So.2d 574 (La. 1986). Accordingly, the defendant's convictions are reversed, his sentences are vacated, and this case is remanded to the district court for further proceedings not inconsistent with this opinion.
CONVICTIONS REVERSED; SENTENCES VACATED; CASE REMANDED.
NOTES
[*] Judge Melvin A. Shortess of the Court of Appeal, First Circuit, sitting ad hoc for Dixon, C.J.