YELVERTON, Judge.
The single error assigned in this appeal is that the sentences imposed on the defendant at resentencing are more severe than the original sentences. We affirm.
The defendant was found guilty by a jury of two counts of armed robbery in violation of La.R.S. 14:64. He was sentenced to concurrent terms of 30 years imprisonment at hard labor without benefit of suspension of sentence, probation, or parole. He was then found to be an habitual offender and resentenced to serve 99 years at hard labor without benefit of probation, parole, or suspension of sentence. On the first appeal, this court affirmed the convictions and sentences. 544 So.2d 1222. The Louisiana Supreme Court granted writs and reversed the defendant’s convictions, vacated his sentences, and remanded his case to the district court. The reversal was based on error in the conviction and not in the sentence. 557 So.2d 1388.
On remand, the defendant pled guilty to the two counts of armed robbery. The plea was made pursuant to an agreement whereby the district attorney would not charge the defendant as an habitual offender. The defendant was sentenced to serve 40 years at hard labor with the Louisiana Department of Public Safety and Corrections on count one, without benefit of parole, probation, or suspension of sentence. On count two defendant was sentenced to serve 40 years at hard labor with the Louisiana Department of Public Safety and Corrections, without benefit of parole, probation or suspension of sentence, to run consecutively with the sentence on count one. The defendant now contends that the trial court erred by imposing a sentence upon him which exceeded the sentence previously imposed.
In his brief on appeal, the defendant does not mention that he was found to be an habitual offender on April 6, 1989, and resentenced to serve 99 years at hard labor. In doing so, the trial court vacated the previous sentence imposed on July 29, 1988. Thus, the factual predicate upon which the defendant bases his assignment of error is missing. The sentence imposed on February 28,1991, was not greater than the prior sentence. In fact, the sentence imposed on February 28, 1991, was 19 years less than the sentence imposed on April 6, 1989. There is no merit to the assignment of error.
AFFIRMED.