LOBRANO, Judge.
Defendant, Oliver B. Alexander, was charged by bill of information with two counts of distribution of cocaine, a violation of Louisiana Revised Statute 40:967.
On January 25, 1990, defendant was arraigned and pled not guilty. On October 30, 1991, defendant was tried by a twelve member jury and was found guilty as charged on both counts. On December 12, 1991, defendant was sentenced to five (5) years at hard labor on each count to be served concurrently. Subsequently, the State filed a multiple bill of information pursuant to Louisiana Revised Statute 15:529.1. Defendant was adjudicated a second offender and was resentenced to serve fifteen (15) years at hard labor on each count with the sentences to run concurrently-
FACTS:
Officer Tommy Mercadel testified that during an undercover drug operation he purchased crack cocaine for $20.00 from defendant on September 26, 1989 and November 20, 1989. Officers Timothy Bayard and Charles Watkins, who provided surveillance back-up to Mercadel, corroborated Mercadel’s testimony. It was stipulated at trial that the substance purchased from defendant was cocaine.
Defendant appeals his conviction and sentence alleging the trial court erred in denying defendant’s challenge for cause of prospective juror, Julie Cullen.
We disagree.
At the time of trial, Cullen was employed as the chief prosecutor for the Louisiana Attorney General’s statewide drug prosecution program. During voir dire, Cullen testified she prosecutes drug cases in situations where the district attorney recuses *264 himself or asks for assistance. She stated she was currently involved in the prosecution of a case in the same section of Criminal District Court as the instant case. She testified she had been a criminal defense attorney for seven years and a prosecutor for Harry Connick eight years and was personally acquainted with district attorney Harry Connick. Defense counsel challenged Cullen for cause. The trial court denied the challenge finding “the mere fact of Miss Cullen’s employment and occupation is not necessarily a reason to excuse her from jury service.” Defense counsel used one of its peremptory challenges against Cullen and she did not serve on the jury.[1]
Code of Criminal Procedure Article 797(2) and (3) provide:
“The state or the defendant may challenge a juror for cause on the ground that:
* *****
(2) The juror is not impartial, whatever the cause of his partiality. An opinion or impression as to the guilt or innocence of the defendant shall not of itself be sufficient ground of challenge to a juror, if he declares, and the court is satisfied, that he can render an impartial verdict according to the law and the evidence;
(3) The relationship, whether by blood, marriage, employment, friendship, or enmity between the juror and the defendant, the person injured by the offense, the district attorney, or defense counsel, is such that it is reasonable to conclude that it would influence the juror in arriving at a verdict;”
The trial court should sustain a challenge for cause if a prospective juror’s answers to questions on voir dire reveal facts from which bias, prejudice or inability to follow the law may be reasonably implied, despite the juror’s professed impartiality. State v. Smith, 430 So.2d 31 (La.1983); State v. Gray, 533 So.2d 1242 (La.App. 4th Cir.1988), writ den., 546 So.2d 1209 (La.1989). In making this determination, the trial judge has broad discretion and his ruling should not be disturbed on appeal without a showing of arbitrary or unreasonable abuse of that discretion. State v. Celestine, 443 So.2d 1091 (La.1983), cert. den. Celestine v. Louisiana, 469 U.S. 873, 105 S.Ct. 224, 83 L.Ed.2d 154 (1984); State v. Gray, supra.
In support of his argument, defendant cites the holdings in State v. Monroe, 366 So.2d 1345 (La.1978), appeal after remand, 397 So.2d 1258, cert. den. 463 U.S. 1229, 103 S.Ct. 3571, 77 L.Ed.2d 1411 (1983), and State v. Lewis, 391 So.2d 1156 (La.1980). The facts of these cases are distinguishable from the instant case. In Monroe, the challenged juror was currently employed as an assistant district attorney by the same office prosecuting the case. In Lewis, the challenged juror had a pending application for employment as an assistant district attorney with the same office prosecuting the case.
In the instant case, Cullen was not currently an employee of the district attorney’s office. She was a full time employee of the Attorney General’s office and had not been employed by the district attorney’s office for nine years. Furthermore, she had practiced as a criminal defense attorney almost as long as she had been a prosecutor. In addition, she testified that the officers she would call to testify in the case she was prosecuting were not the same officers that would testify in the instant ease. Her friendship with district attorney Harry Connick would not automatically require exclusion for cause. See, State v. Collins, 546 So.2d 1246 (La.App. 1st Cir.1989), writ den. 558 So.2d 599 (La.1990). No testimony was elicited from Cullen that she could not be impartial.
Thus, absent any evidence of impartiality, we find no abuse of discretion in the trial court’s denial of defendant’s challenge for cause.
For the foregoing reasons, defendant’s conviction and sentence are affirmed.
AFFIRMED.

. Defendant used all of its peremptory challenges thus enabling him to argue this issue.