620 So.2d 1166 (1993)
STATE of Louisiana
v.
Oliver B. ALEXANDER.
No. 93-K-0309.
Supreme Court of Louisiana.
July 1, 1993.
*1167 Bruce G. Whittaker, New Orleans, for applicant.
Richard P. Ieyoub, Atty. Gen., Harry F. Connick, Dist. Atty., Robyn C. Gulledge, for respondent.
PER CURIAM:
A jury convicted defendant on two counts of distribution of cocaine in violation of LSA-R.S. 40:967 B(1). The trial court sentenced him as a multiple offender under LSA-R.S. 15:529.1 to concurrent terms of fifteen (15) years at hard labor. The convictions and sentences were affirmed. State v. Alexander, 612 So.2d 262 (La.App. 4th Cir.1992). Defendant's writ application was granted to consider whether the trial court erred in denying a challenge for cause of prospective juror Julie Cullen, an employee of the Attorney General's office.
Cullen worked in the Orleans Parish District Attorney's office from June of 1975 to March of 1981, actively prosecuting cases for approximately four years. She had also practiced as a criminal defense attorney. In April of 1989, Cullen began working for the Attorney General's office. She directed a statewide anti-drug program funded by a federal grant, personally prosecuting drug cases around the state and supervising other attorneys conducting similar prosecutions.
When called for jury duty, Cullen was prosecuting a convicted felon charged with possession of a firearm in the same section of Orleans Criminal District Court as defendant's trial. The District Attorney's office had been recused from the case, and it had been taken over by the Attorney General's office. Cullen's participation was a special situation, necessitated by a change in the Attorney General's office personnel. Cullen was awaiting the outcome of a writ application when she was called for voir dire in this case.
At the close of Cullen's voir dire examination, the trial court denied defendant's challenge for cause, stating that Cullen's employment was not necessarily a reason to excuse her from jury service. Afterward, defense counsel exhausted his twelve peremptory challenges before completion of the jury panel. State v. Lee, 559 So.2d 1310 (La.1990); State v. Hallal, 557 So.2d 1388 (La.1990); State v. Brown, 496 So.2d 261 (La.1986).
Prospective jurors' associations with law enforcement agencies or personnel require careful scrutiny by the trial judge. State v. Ford, 489 So.2d 1250, 1259 (La. 1986), vacated on other grounds, 479 U.S. 1077, 107 S.Ct. 1272, 94 L.Ed.2d 133 (1987), on remand, 503 So.2d 1009 (La.1987). If bias or prejudice may be reasonably attributed to the relationship, a juror should be excused for cause. State v. Lewis, 391 So.2d 1156 (La.1980).
Cullen's employment with the Attorney General's office and her active duties as a substitute prosecutor for the District Attorney were relationships which could have influenced her juror duties. LSA-C.Cr.P. art. 797(2) and (3). Bias in favor of the prosecution must be inferred. State v. Monroe, 366 So.2d 1345 (La.1978); State v. Lewis, 391 So.2d 1156 (La.1980).
*1168 Under these circumstances, the trial court clearly erred in denying the challenge for cause. Cullen appeared in court as the representative of the Attorney General, the chief legal officer of the state. La. Const., Art. IV, § 8. For two years, Cullen had prosecuted drug cases and supervised other attorneys doing the same type of work. She was actively discharging her prosecutorial role in the same courtroom when called for voir dire examination.
The trial court's ruling pitted Cullen's task as a juror in a cocaine prosecution against her job of enforcing the state's drug laws. The risk that Cullen could not resolve her conflicting roles successfully and "hold the balance nice, clear and true between the state and the accused" was unacceptable. State v. Lewis, supra, 391 So.2d at 1158.
For the foregoing reasons, the defendant's convictions are reversed, his sentences are vacated, and the case is remanded to the trial court for a new trial.
REVERSED; CONVICTIONS REVERSED; SENTENCES VACATED; REMANDED.
HALL, J., not on panel.