675 So.2d 1217 (1996)
STATE of Louisiana
v.
David MATHIS.
No. 95-KA-0862.
Court of Appeal of Louisiana, Fourth Circuit.
June 5, 1996.
*1218 Harry F. Connick, District Attorney for Orleans Parish, Theresa A. Tamburo, Assistant District Attorney for Orleans Parish, New Orleans, for Appellee.
Edward Newman, Orleans Indigent Defender Program, New Orleans, for Appellant.
Before BARRY, KLEES and ARMSTRONG, JJ.
BARRY, Judge.
Defendant was convicted of possession of cocaine, La.R.S. 40:967(C), and sentenced to twenty years at hard labor as a fourth felony offender under La.R.S. 15:529.1. His appeal asserts that: 1) during voir dire the trial court erroneously denied two peremptory challenges for cause; and 2) the statement which he made to police during his arrest should have been suppressed. We hold that the trial court should have granted the defendant's challenges for cause. We reverse and remand.

Facts
Officer John Thomas testified that on March 31, 1994 he and Officer Mark Wilson were on patrol at the intersection of Second and Danneel Streets. They slowed for a stop sign and noticed two men on the corner. The defendant saw the marked police car, appeared "stunned," and discarded something from his left hand. The officers stopped, Officer Thomas detained the defendant, and Officer Wilson retrieved the discarded object. Officer Wilson corroborated that testimony. Officer Thomas further testified that he arrested the defendant, who said, "Y'all got me down bad."
Criminalist John Palm, Jr. tested the two white rocks the officers found and they proved to be crack cocaine.
Wanda Simmons testified that she was with the defendant when he was arrested. She said he had just opened a package of cigarettes and she surmised that he dropped *1219 the wrapper as the police officers drove up. Simmons saw the officers order three or four men to stand against the police car, then she left the scene and did not know what occurred next. Simmons admitted that at the time of trial she was imprisoned on a cocaine charge but explained that she pleaded guilty because she was promised probation. She did not pay the fine imposed, and her probation was revoked.
The defendant testified that he and Simmons walked out of a store on the corner. He noticed the police car, and the officers jumped out and ordered the defendant and another man against the police car. One officer discovered that defendant was released from the Louisiana State Penitentiary five months previously and he arrested the defendant for possession of drugs. Defendant denied possessing drugs, and said "Man, you're down bad with that." He admitted to four prior convictions.

Voir Dire
The defendant contends that the trial court improperly overruled his challenge for cause as to two prospective jurors who were biased in favor of police officers. That argument has merit.
Defense counsel revealed to the jury that the defendant had several prior convictions and has "been in trouble off and on all his life for the past twenty years or so." During voir dire of the final jury panel two jurors said they would assign more credibility to a police officer's testimony than another witness. The transcript does not identify the jurors but their bias is evident.
MR. CRAIG [Defense counsel]:
Do any of you give the police more credibility than any lay person off the street? Would you? I know you're married to a policemanThis is a tough one for you and I saw you squirming from jump, from when the District Attorney started talking to you, my wife's a policeman, my mother-in-law's a policeman, and you're obviously uncomfortable.
JUROR [1]:
I'll give them more credit as policeman.
MR. CRAIG:
Are you telling me that you couldn't be fair to Mr. Mathis [the defendant]?
JUROR [1]:
I'm not saying that but I'm just saying I give the police more credibility than the defendant.
MR. CRAIG:
Does anyone else feel that way?
JUROR [2]:
I do too, but that's to say that I wouldn't be fair to the defendant, but yes.
MR. CRAIG:
Do you feel that police officers cannot lie?
JUROR [2]:
I believe that police officers are human beings and (inaudible).
MR. CRAIG:
Do you believe that police officers lie?
* * * * * *
JUROR [2]:
I believe that some police officers may lie.
MR. CRAIG:
Do you believe that some police officers have lied under oath?
JUROR [2]:
I believe that, yes. But the question was: Do I give the police more credibility than I do the defendant? I do because they're police officers.
The State did not rehabilitate the jurors.
The defense attempted to excuse the two jurors for cause and the trial court denied the request:
(D)efense had moved to excuse for cause [two jurors] because of their answers to defense counsel's questions that they would give more credibility to the police officers in this case than to the defendant. The Court ... denied defense challenge for cause based on the fact that defense counsel had told the jury panel that the defendant was going to take the stand and that he had any number of prior convictions and the Court believes the law is that the jurors would then be allowed under the *1220 law to give more credibility to someone who doesn't have convictions than someone who does.
Defense counsel objected and asserts that he was forced to use his last peremptory challenge to excuse one of the jurors while the other remained on the jury. The record shows that the defense exhausted the six peremptory challenges which were allowed. See La.C.Cr.P. art. 799.

Analysis
A defendant may challenge for cause a prospective juror on the ground that the juror "is not impartial, whatever the cause of his partiality." La.C.Cr.P. art. 797(2). The objection must be made at the time of the ruling. La.C.Cr.P. art. 800. The trial judge is vested with broad discretion that will not be disturbed on appeal absent abuse. State v. Brown, 496 So.2d 261, 265 (La.1986).
The Louisiana Supreme Court has interpreted the 1983 revision to La.C.Cr.P. art. 800 in recent first degree murder cases. State v. Robertson, 92-2660 (La. 1/14/94), 630 So.2d 1278, 1280:
(A) defendant is now permitted to complain of a ruling refusing to sustain his challenge for cause even if he had not thereafter exercised all of his peremptory challenges.... In such a case, the defendant must be able to show some prejudice in order to overcome the requirement of La.C.Cr.P. art. 921 that "[a] judgment or ruling shall not be reversed by an appellate court because of any error ... which does not affect substantial rights of the accused."
The 1983 amendment to Article 800 does not change the law, however, as regards a defendant who has exhausted all of his peremptory challenges. "Prejudice is presumed when a challenge for cause is erroneously denied and all of defendant's peremptory challenges are exhausted. A trial court's erroneous ruling which deprives a defendant of a peremptory challenge substantially violates that defendant's rights."... [Emphasis in original; citations omitted.]
See also State v. Cross, 93-1189 (La. 6/30/95), 658 So.2d 683, 686.
Robertson and Cross were first degree murder cases in which the defendant was afforded twelve peremptory challenges under La.C.Cr.P. art. 799. The holding was not limited to capital cases and the same reasoning applies to this possession of cocaine case in which Art. 799 affords the defendant six peremptory challenges and the defendant exhausts all six.
Thus the defendant need only show that he exhausted all of his peremptory challenges and that the trial judge erred by refusing to maintain his challenge for cause. State v. Robertson, 630 So.2d at 1281.
Because the defendant exercised all six of his peremptory challenges, we examine whether the trial court erred by denying defendant's two challenges for cause.
State v. Hallal, 557 So.2d 1388 (La.1990) held that a juror should have been dismissed for cause after she said she would assign greater credibility to the State because her husband worked for the Sheriff's Office and she knew the officers who would testify. The court reversed the conviction and remanded.
While the trial judge is accorded broad discretion in ruling on challenges for cause, this Court has cautioned that "[a] challenge for cause should be granted, even when a prospective juror declares his ability to remain impartial, if the juror's responses as a whole reveal facts from which bias, prejudice or inability to render judgment according to law may be reasonably implied." [Citations omitted]. In this case, [the juror] never expressly stated that she could put aside her acquaintanceship with the police officers, and it was not reasonable for the trial court to accept assurances that she would judge the case impartially on the evidence at trial from a juror who began with the premise that the police officers directly involved in the arrest and questioning of the defendant were telling the truth.
See also State v. Jones, 623 So.2d 877 (La.App. 1 Cir.), writ den. 629 So.2d 419 (La.1993), which reversed a conviction and held that a juror who was formerly employed *1221 by the Louisiana State Police and who did not expressly state that she would set aside her bias in favor of police officers should have been dismissed for cause.
The jurors said that they would assign more credibility to the officers than other witnesses and never modified their views. Each juror claimed that belief would not affect their impartiality, then reiterated that a police officer's statement would carry more weight than another witness. Moreover, the transcript does not support the trial court's conclusion that the jurors' impartiality was due to the defendant's prior convictions. The jurors did not discuss the defendant's criminal history and the transcript indicates that one of the jurors was married to an officer.
The trial judge abused his discretion by not granting the defense's challenges for cause. We reverse the conviction and remand for a new trial. The remaining assignment is pretermitted.
REVERSED AND REMANDED.
KLEES, J., dissents.
ARMSTRONG, J., concurs with reasons.
KLEES, Judge, dissenting.
A trial judge has great discretion in determining whether sufficient cause has been show to reject a prospective juror. Such determinations will not be disturbed on review unless a review of the voir dire as a whole indicates an abuse of discretion. State v. Lee, 93-2810, p. 9 (La. 5/23/94), 637 So.2d 102, 108; State v. Robertson, 92-2660 (La. 1/14/94), 630 So.2d 1278; State v. Bourque, 622 So.2d 198, 226 (La.1993). A trial judge's great discretion is based on the fact that
the trial judge has the benefit of seeing the facial expressions and hearing the vocal intonations of the members of the jury venire as they respond to questioning by the parties' attorneys. Such expressions and intonations are not readily apparent at the appellant level where review is based on a cold record. Furthermore, to the extent he or she believes it is necessary or desirable to do so, the trial judge has the benefit of the ability to directly participate in the examination of the members of the jury venire. As such, we are reluctant to reverse a ruling of the trial judge on a challenge for cause where it does not appear from a review of the record as a whole that the trial judge has somehow abused his discretion.
Lee, 93-2810, p. 9 (La. 5/23/94), 637 So.2d at 108.
I would find that there was no abuse of the trial court's discretion in denying the challenges for cause where two jurors, who were told that a defendant had "been in trouble off and on all his life for the past twenty years or so," would admit that they felt that police officers had more credibility than such a defendant, but that they could be fair to the defendant.
ARMSTRONG, Judge, concurring with reasons:
I believe the trial court should have granted the challenges for cause and excused both of the prospective jurors. See State v. Ross, 623 So.2d 643 (La.1993) and State v. Nolan, 341 So.2d 885 (La.1977).