738 So.2d 1128 (1999)
STATE of Louisiana
v.
Dean PAUL.
No. 99-KA-92.
Court of Appeal of Louisiana, Fifth Circuit.
May 19, 1999.
Laurie A. White, New Orleans, for Defendant/Appellant.
Paul D. Connick, Jr., District Attorney, Alison Wallis, Terry M. Boudreaux, Frank Brindisi, Quentin P. Kelly, Assistant District Attorneys, Gretna, for Plaintiff/Appellee.
Panel composed of Judges EDWARD A. DUFRESNE, Jr., JAMES L. CANNELLA and THOMAS F. DALEY.
DALEY, Judge.
The defendant, Dean Paul, was charged with cocaine distribution, a violation of *1129 LSA-R.S. 40:967A. He pled not guilty at arraignment. Motions to Suppress Identification and Evidence were denied.
At the conclusion of the jury trial, defendant was found guilty as charged. The defendant's Motion for New Trial was denied. He was sentenced to twenty-five (25) years at hard labor.
The state filed a multiple offender Bill of Information, alleging defendant to be a fourth felony offender. The state amended the bill, deleting two of the alleged predicate offenses. The trial court advised defendant of his constitutional rights, and defendant waived them and admitted to the remaining predicate felony. The trial court then vacated defendant's original sentence, and sentenced defendant as a second offender to thirty-five (35) years at hard labor without benefit of probation or suspension of sentence. The defendant has appealed his conviction of distribution of cocaine. We find a reversible error in the trial court's denial of defendant's refusal to grant certain jury challenges for cause and for the reasons assigned, we reverse the defendant's conviction, vacate his sentence and remand for a new trial.
On appeal, the defendant argues he was denied his rights to due process and to a fair trial by an impartial jury under the Sixth and Fourteenth Amendments to the United States Constitution, and Article I, Section 2, and 20 of the Louisiana Constitution of 1974, by the court's refusal to excuse four jurors for cause on the ground that they were obviously biased in favor of police officers.
Louisiana Code of Criminal Procedure article 797 provides that the state or a defendant may challenge a juror for cause on the ground that the juror is not impartial, whatever the cause of the partiality.
To prove there has been error warranting reversal of both his conviction and sentence, a defendant need only show that there was an erroneous denial of a challenge for cause, and that he exhausted all of his peremptory challenges before completion of the jury panel. State v. Connolly, 96-1680 (La.7/1/97), 700 So.2d 810; State v. Durham, 94-1036 (La.App. 5 Cir. 4/16/96), 673 So.2d 1103. A challenge for cause should be granted, even when a prospective juror declares his ability to remain impartial, if the juror's bias, prejudice or inability to render judgment according to law may be reasonably implied. State v. Bailey, 97-302 (La.App. 5 Cir. 4/28/98), 713 So.2d 588, writ denied, 98-1458 (La.10/30/98), 723 So.2d 971.
A trial court has wide discretion in determining whether sufficient cause has been shown to reject a prospective juror, and such determination will not be disturbed on appeal absent abuse of discretion. State v. Tart, 93-0772 (La.2/9/96), 672 So.2d 116, cert. denied, 519 U.S. 934, 117 S.Ct. 310, 136 L.Ed.2d 227 (1996); State v. Bailey, supra. A trial court's refusal to excuse a prospective juror for cause is not an abuse of discretion where, on further inquiry or instruction, the juror has demonstrated the willingness and ability to decide the case impartially, according to the law and evidence. State v. Cross, 93-1189 (La.6/30/95), 658 So.2d 683; State v. Bailey, supra.
In the instant case, the record shows defendant used all of his twelve peremptory challenges before the jury panel was completed. Thus, the issue before us is whether the trial judge's refusal to remove the jurors at issue constituted an abuse of discretion. The defendant's argument pertains to prospective jurors Johnnie Nezat, Anne Naquin, Melissa Cooke, and Arden Dalia, all of whom were included in the second voir dire panel. Defense counsel engaged in the following colloquy with Ms. Naquin:
Mr. Marino [defense counsel]: The testimony of a police officer, as opposed to that of another witness; would that be would a police officer's testimony be more credible or believable to you?
* * * * * *
Mr. Marino: Okay. Ms. Naquin?
Prospective Juror: No.

*1130 Mr. Marino: All right. Do you think a police officer's testimony would be more accurate than that of a non police officer?
Prospective Juror: Yes.
Mr. Marino: Okay. Why?
Prospective Juror: Just because I would think that the police officer is at a higher standard, so he would be more believable, rather a regular citizen might, and the choosing to, you know, lie a little or whatever, to help out, whatever.
The following exchange occurred between counsel and Ms. Cooke:
Mr. Marino: All right, Ms. Cooke; what about that same question? We're talking about testimony of a law enforcement officer, that that's more credible or more believable to you, because it's a law enforcement officer?
Prospective Juror: I believe so.
Mr. Marino: Okay. Oh, the testimony you would be more inclined to believe the testimony of a police officer than a non police officer, before anything is said or, you know,
Prospective Juror: Yes.
Mr. Marino: just based on that alone?
Prospective Juror: (Affirmative response)
Counsel questioned Mr. Nezat in the following manner:
Mr. Marino: Who else? Mr. Nezat, what do you think about that?
Prospective Juror: I think a police officer, because you're more of a professional.
Mr. Marino: Would be less likely to
Prospective Juror: Than a regular witness.
Mr. Marino: Less likely to what? Notnotto be mistaken, or to be more accurate?
Prospective Juror: To be more accurate.
Mr. Marino: Okay. Well, what about, do you think it's possible that a police officer could take the stand in a criminal case and not tell the truth, under oath?
Prospective Juror: I don't think so.
When counsel put the same question to Ms. Dalia, she responded as follows:
Prospective Juror: Well, I think police officersI would be more inclined to believe a police officer than just an ordinary person.
Mr. Marino: Because why?
Prospective Juror: Well, I think the sort of people who go into law enforcement in the main, are decent folk. I don't know.
Given that the state's case was based entirely on the testimony of police officers, the potential jurors' general attitudes toward law enforcement officers were highly relevant. The record shows that neither the prosecutor nor the judge attempted to "rehabilitate" the four jurors in question after they voiced their bias in favor of police officers. These jurors never expressly stated that they could set aside their biases and give defendant a fair trial.
Defense counsel asked the court to grant challenges for cause as to each of the four prospective jurors on the ground that they would give more weight to the police officers' testimony than to that of a lay witness. The trial judge denied counsel's motion, stating, "... I don't see that as a challenge for cause." None of these four jurors ultimately served on the jury, as the defendant used peremptory challenges to excuse them.
In State v. Hallal, 557 So.2d 1388 (La. 1990), the Louisiana Supreme Court reversed the defendant's armed robbery convictions based on the Court's determination that a prospective juror should have been excused for cause. The juror in question indicated during voir dire that she would tend to believe the state's police witnesses who were directly involved in the arrest and questioning of the defendant because she knew them, and felt they were honest people and would not lie. The supreme court reasoned:
While the trial judge is accorded broad discretion in ruling on challenges for cause, this Court has cautioned that "[a] challenge for cause should be granted, *1131 even when a prospective juror declares his ability to remain impartial, if the juror's responses as a whole reveal facts from which bias, prejudice, or inability to render judgment according to law may be reasonably implied." (Citations omitted). In this case, Mrs. Wilson never expressly stated that she could put aside her acquaintanceship with the police officers, and it was not reasonable for the trial court to accept assurances that she would judge the case impartially on the evidence at trial from a juror who began with the premise that the police officers directly involved in the arrest and questioning of the defendant were telling the truth.
557 So.2d at 1389-1390.
In State v. Mathis, 95-0862 (La.App. 4 Cir. 6/5/96), 675 So.2d 1217, writ denied, 96-1710 (La.3/21/97), 691 So.2d 79, the Fourth Circuit, with one dissent, reversed the defendant's cocaine conviction upon finding the trial judge abused his discretion in refusing two defense challenges for cause. The jurors at issue stated during voir dire that they would assign more credibility to police officers than to other witnesses. The two jurors claimed that belief would not affect their impartiality, then reiterated that a police officer's statement would carry more weight than that of another witness.
The trial court's refusal to grant the defendant's challenge for cause was an abuse of discretion, which forced the defendant to use four peremptory challenges. By the time voir dire was completed the defendant had used all of his peremptory challenges. The trial court's erroneous ruling prejudiced the defendant. Accordingly, the defendant's conviction is reversed, his sentence is vacated and this matter is remanded for further proceedings.
CONVICTION REVERSED; SENTENCE VACATED; REMANDED FOR FURTHER PROCEEDINGS.
DUFRESNE, J., concurs.
DUFRESNE, J., Concurring.
I respectfully concur.