COBB, Judge,
concurring specially.
In its unpublished memorandum, the majority concludes that the trial court correctly denied Kenneth Thompson’s chal *555 lenge for cause to veniremember C.M., even though the veniremember initially stated that, if the defendant did not testify, that fact “might be in the back of my mind.” The veniremember made similar comments during follow-up questioning, but later stated that she would decide the case based on the evidence. The majority concludes that the trial court did not abuse its discretion in denying the challenge for cause as to C.M. because the venire-member stated that she would base her decision on the evidence. The majority’s analysis is correct under existing Alabama law, and I agree with the result. I write specially to comment on that body of law as it exists, and to suggest that it should be reevaluated and modified on this point.
Certainly, the State and the defendant have an interest in securing the maximum number of qualified veniremembers from which to select a jury. That interest, however, is not served by failing to exclude for cause those veniremembers who cannot be fair to one party — veniremembers who are biased or prejudiced. I believe that our entire judicial system would be enhanced by engaging in a closer review of a venire-member’s possible bias based on the entirety of the veniremember’s responses to voir dire questions in a particular subject area. Some jurisdictions permit the trial court to give broad consideration of a veniremember’s responses when ruling on a challenge for cause. For example, the Louisiana Supreme Court has stated, “ ‘[A] challenge for cause should be granted, even when a prospective juror declares his ability to remain impartial, if the juror’s responses as a whole reveal facts from which bias, prejudice or inability to render judgment according to law may be reasonably implied.’ State v. Hallal, 557 So.2d 1388, 1389-90 (La.1990), quoting State v. Jones, 474 So.2d 919, 926 (La.1985).” State v. Juniors, 915 So.2d 291, 305 (La.2005).
Unless a veniremember has misunderstood a question and subsequent clarification of the question causes the venire-member to answer differently, I believe that a veniremember’s first response to the question is often the most honest response. The veniremember’s answers to repeated questions from the prosecutor and the trial judge might often reflect the veniremember’s acquiescence to what he believes they want him to say. The result of such repeated questioning often, I believe, does not reflect the veniremember’s true beliefs. Therefore, I believe that the Alabama Supreme Court should reconsider the standards regarding challenges for cause and permit the trial courts to grant a challenge based on the veniremember’s responses as a whole, rather than relying nearly exclusively on the veniremember’s ultimate declaration that he or she can be impartial.
Because the majority has accurately stated the law and has reached the correct result based on that existing law, however, I concur specially.