CHATELAIN, J.,
concurring to assign additional reasons.
hi agree with the opinion of this court. However, I choose to write briefly on the State’s decision to strike Mrs. Mary Ann Fontenot.
Although the supreme court thoroughly examined the role of “gut feelings” in Alex v. Rayne Concrete Serv., 05-1457 (La. 1/26/07), 951 So.2d 138, as part of an examination of purposeful discrimination on the grounds of race in the exercise of peremptory challenges, it is clear in the present case that the defendant failed to present a prima facie case that the State exercised this challenge on the basis of race. Even though the State may have been inarticulate in its explanation for striking Mrs. Fontenot, it nonetheless mentioned a race neutral ground for this juror’s strike— Mrs. Fontenot knew Detective Chateuse James of the Ville Platte Police Department, a key State witness.
Although personal connections to and relationships with law enforcement personnel do not, by themselves, disqualify prospective jurors for cause, such associations and relationships are subject to careful scrutiny. State v. Alexander, 620 So.2d 1166 (La.1993); State v. Ford, 489 So.2d 1250 (La.1986), vacated on other grounds, 479 U.S. 1077, 107 S.Ct. 1272, 94 L.Ed.2d 133 (1987), on remand, 503 So.2d 1009 (La.1987). The question is whether the prospective juror could assess the credibil *310 ity of each witness independently of his/ her relationship with law enforcement. State v. Carlos, 618 So.2d 933 (La.App. 1 Cir.1993), writ denied, 623 So.2d 1305 (La.1993). In the context of peremptory challenges, distinct from disqualification of a prospective juror for cause, potential partiality because of such relationship is a sufficient racially neutral reason for a peremptory challenge. State v. Wilson, 25,775 (La.App. 2 Cir. 2/23/94), 632 So.2d 861.