366 So.2d 1345 (1978)
STATE of Louisiana
v.
Ronald S. MONROE.
No. 62459.
Supreme Court of Louisiana.
December 15, 1978.
*1346 Arthur A. Lemann, III, New Orleans, George A. Blair, III, Student Practitioner, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Fred P. Harper, Robert Barnard, Asst. Dist. Attys., for plaintiff-appellee.
MARCUS, Justice.
Ronald S. Monroe was indicted by the grand jury for the first degree murder of Lenora E. Collins in violation of La.R.S. 14:30. After trial by jury, defendant was found guilty as charged. A sentencing hearing was conducted before the same jury that determined the issue of guilt, and the jury unanimously recommended that the sentence of death be imposed on defendant. The trial judge sentenced defendant to death in accordance with the recommendation of the jury. On appeal, defendant relies on twenty-one assignments of error for reversal of his conviction and sentence.[1] Finding merit in one of the assigned errors, we need not consider the others, except Assignment of Error No. 17 which requires comment in view of the remand for a new trial.

ASSIGNMENT OF ERROR NO. 1
Defendant contends the trial judge erred in denying his challenge for cause of prospective juror, Mr. Nick Noriea. He argues that because of Mr. Noriea's employment as an assistant district attorney in the same office as the assistant district attorneys who were prosecuting the case against him, it was reasonable to conclude that this relationship would influence Mr. Noriea in arriving at a verdict. Defendant further argues that, as a result of this erroneous ruling, he was compelled to exercise one of his peremptory challenges to excuse Mr. Noriea, thereby depriving him of one of his twelve peremptory challenges.
During voir dire, defendant questioned Mr. Noriea, a prospective juror, and established that Mr. Noriea was then employed as an assistant district attorney (assigned to the Career Criminal Bureau) in the office of the district attorney who was prosecuting the case against him. He was drawing pay in that capacity at the time. Defense counsel then asked Mr. Noriea whether "in spite of that, you can sit here today and be a fair and impartial juror?" Mr. Noriea responded in the affirmative. Whereupon, the defense counsel moved that Mr. Noriea be excused for cause under La.Code Crim.P. art. 797(3). After argument, the trial judge overruled defendant's motion, finding that "it is not reasonable to conclude that the relationship would influence the juror at arriving at a verdict because he has taken an oath, answered the questions truthfully; he has categorically given the answer without equivocation that it would in no wise affect him." The trial judge further reasoned that Mr. Noriea stated that he knew nothing about this particular case. Defendant objected to the ruling of the trial judge.
La.Code Crim.P. art. 797(3) provides:
The state or the defendant may challenge a juror for cause on the ground that:

.....

*1347 (3) The relationship, whether by blood, marriage, employment, friendship, or enmity between the juror and the defendant, the person injured by the offense, the district attorney, or defense counsel, is such that it is reasonable to conclude that it would influence the juror in arriving at a verdict; . . . .
La.Code Crim.P. art. 800 provides in pertinent part:
A defendant cannot complain of a ruling refusing to sustain a challenge for cause made by him, unless his peremptory challenges shall have been exhausted before the completion of the panel.
Where an accused has exhausted all of his peremptory challenges before completion of the panel, he is entitled to complain on appeal of a ruling refusing to maintain a challenge for cause made by him. State v. Qualls, 353 So.2d 978 (La. 1977); State v. Ballard, 337 So.2d 481 (La. 1976). The trial judge is vested with broad discretion in ruling on a challenge for cause which ruling will not be disturbed on appeal absent a showing of abuse of that discretion. State v. Drew, 360 So.2d 500 (La. 1978). In State v. Breedlove, 199 La. 965, 7 So.2d 221 (1942), this court held that three requirements were necessary before the ruling of a trial judge refusing to sustain a defendant's challenge for cause constituted reversible error: (1) an erroneous ruling refusing to sustain the defendant's challenge for cause; (2) exhaustion of all of the defendant's peremptory challenges; and (3) the defendant was forced to accept an obnoxious juror, either the one that should have been excused for cause, or, if the juror was peremptorily challenged, a subsequent juror that defendant would have peremptorily challenged but for the fact that he had already exhausted his peremptory challenges. Chief Justice O'Neill strongly dissented.
The Louisiana Code of Criminal Procedure (Acts 1966, No. 310) became effective January 1, 1967. Article 800 was intended, as the Official Revision Comment notes, to change the law by legislatively overruling the Breedlove decision and adopting the dissenting opinion of Chief Justice O'Neill. Thus, defendant now need only show two things to obtain reversible error: (1) that the trial judge erred in refusing to sustain a challenge for cause by the defendant; and (2) that the defendant exhausted all of his peremptory challenges. He need no longer make an additional showing of injury resulting from the court's action by forcing him to accept an obnoxious juror. La.Const. art. 1, § 17 provides that the accused has a right to challenge jurors peremptorily; the number of challenges to be fixed by law. La.Code Crim.P. art. 799 provides that in trials of offenses punishable by death or necessarily by imprisonment at hard labor, each defendant shall have twelve peremptory challenges. Therefore, an erroneous ruling of a trial judge which deprives a defendant of one of his peremptory challenges constitutes a substantial violation of a constitutional or statutory right requiring reversal of his conviction and sentence. La.Code Crim.P. art. 921.
In the instant case, defendant's peremptory challenges were exhausted before completion of the panel; therefore, his objection to the ruling refusing to sustain his challenge for cause is properly before us. During voir dire, Mr. Noriea stated that he was at that time employed as an assistant district attorney in the same office as the assistant district attorneys who were prosecuting the case against defendant. Clearly, the relationship between the prospective juror, Mr. Noriea, and the district attorney was such that it is reasonable to conclude that it would influence the juror in arriving at a verdict. La.Code Crim.P. art. 797(3). Hence, we find that the trial judge abused his discretion in refusing to sustain defendant's challenge of Mr. Noriea for cause. As a result of this erroneous ruling, defendant exercised a peremptory challenge on Mr. Noriea, thereby depriving him of one of the twelve peremptory challenges to which he is entitled by law. This constituted a substantial violation of a constitutional or statutory right. Accordingly, we must reverse.
*1348 Under Assignment of Error No. 17, defendant contends the trial judge erred in refusing to quash the indictment charging him with first degree murder.
Prior to trial, defendant filed a motion for a bill of particulars requesting, inter alia, information as to whether the state intended to seek the death penalty and, if so, under which aggravating circumstances the state intended to proceed. The state responded in the affirmative and listed the following aggravating circumstances: "1) Aggravated burglary; 2) Intent to kill more than one person; 3) Due to brutal crime." The jury, in unanimously recommending that the sentence of death be imposed, found the following statutory aggravating circumstances existed: "(a) The offender was engaged in the perpetration or attempted perpetration of aggravated burglary; (d) The offender knowingly created a risk of death or great bodily harm to more than one person; (g) The offence (sic) was committed in an especially heinous, atrocious or cruel manner."
In State v. Payton, 361 So.2d 866 (La. 1978), we held that La.Code Crim.P. art. 905.4(c), (f) and (g)[2] are to be excluded from the definition of first degree murder. However, we noted that the jury shall consider all seven aggravating circumstances listed in La.Code Crim.P. art. 905.4 during the sentencing hearing. In other words, the second phase of the bifurcated trial, the procedure for a capital sentencing hearing, remains the same as it was originally enacted.
Since we are reversing the conviction and sentence in the instant case and remanding the case for a new trial, the state should consider amending its bill of particulars in view of this court's decision in State v. Payton, supra.

DECREE
For the reasons assigned, the conviction and sentence are reversed, and the case is remanded to the district court for a new trial.
NOTES
[1] Defendant has neither briefed nor argued Assignments of Error Nos. 2, 3, 5, 7 through 16, inclusive, 18, 20 and 21. Hence, we consider these assignments of error to have been abandoned. State v. Blanton, 325 So.2d 586 (La. 1976); State v. Carlisle, 315 So.2d 675 (La. 1975).
[2] La.Code Crim.P. art. 905.4 provides in pertinent part:

The following shall be considered aggravating circumstances:
.....
(c) The offender was previously convicted of an unrelated murder, aggravated rape, or aggravated kidnapping;
.....
(f) The offender at the time of the commission of the offense was imprisoned after sentence for the commission of an unrelated forcible felony;
(g) The offense was committed in an especially heinous, atrocious or cruel manner.