623 So.2d 643 (1993)
STATE of Louisiana
v.
Tyskie Tyrone ROSS.
No. 92-K-2208.
Supreme Court of Louisiana.
September 3, 1993.
William H. Dunckelman, Anthony P. Champagne, Houma, for applicant.
Richard P. Ieyoub, Atty. Gen., Hon. Douglas H. Greenburg, Dist. Atty., Mark D. Rhodes, Asst. Dist. Atty., for respondent.
WATSON, Justice.[1]
In this criminal case, the issue is whether the trial court erred in denying a defense challenge for cause when a prospective juror expressed a fixed belief that first degree murder should always be punished by the death penalty.
Tyskie Tyrone Ross was tried for first degree murder after the death of an armed robbery victim. Ross was convicted and sentenced to life in prison, without benefit of probation, parole, or suspension of sentence. His conviction was affirmed. State v. Ross, 604 So.2d 1036 (La.App. 1st Cir.1992).
During voir dire of the jury venire, a prospective juror was asked by the court whether he would consider imposing a death penalty. The juror responded:
A. I would say that would be the only penalty.
Q. The only penalty?
A. For first degree murder, yes. (Tr. 151).
The juror was again questioned:
Q.... Mr. Davis, you mentioned that as far as you're concerned there's only one penalty. The law says that you must consider both penalties. Can you in fact consider both penalties?

*644 A. I can consider both. But personally that's my vote. (Tr. 156-57).
In another colloquy, the juror was asked how he would vote if the defendant was not found guilty of first degree murder. The juror responded:
A. Well, like I said, if you're guilty of murder, my personal opinion is it's, you know, it's the death penalty. (Tr. 181).
The defense moved to exclude the prospective juror for cause. After the trial court denied the motion, the defense exercised the fifth of its twelve peremptory challenges to excuse the juror. The defense eventually exhausted all its challenges in selecting the jury.
The court of appeal decided that any error was harmless because defendant was not prejudiced from the trial court's refusal to excuse the juror for cause. The court of appeal relied on State v. Vanderpool, 493 So.2d 574 (La.1986) to hold that: "the defendant must establish that he was prejudiced by the court's ruling." A writ was granted to consider whether the court of appeal erred in relying on Vanderpool, 614 So.2d 1246 (La. 1993).
Under Vanderpool, a defendant who does not exhaust his peremptory challenges must show prejudice from the trial court's denial of a challenge for cause. Defendant Ross used all of his peremptory challenges. Prejudice is presumed when a challenge for cause is erroneously denied and all of defendant's peremptory challenges are exhausted. State v. Comeaux, 514 So.2d 84 (La.1987); State v. Sugar, 408 So.2d 1329 (La.1982).
A trial judge has broad discretion in ruling on a challenge for cause. State v. Sugar, 408 So.2d 1329 (La.1982); State v. Lewis, 391 So.2d 1156 (La.1980); State v. Drew, 360 So.2d 500 (La.1978), cert. denied, 439 U.S. 1059, 99 S.Ct. 820, 59 L.Ed.2d 25 (1979). The trial court's determination will not be disturbed unless a review of the entire voir dire indicates an abuse of discretion. State v. Jones, 474 So.2d 919, 926 (La.1985), cert. denied, 476 U.S. 1178, 106 S.Ct. 2906, 90 L.Ed.2d 992 (1986).
A trial court's erroneous ruling which deprives a defendant of a peremptory challenge substantially violates that defendant's rights. State v. Bourque, 622 So.2d 198 (La.1993); State v. McIntryre, 365 So.2d 1348 (La.1978). When a defendant uses a peremptory challenge after a challenge for cause has been denied, the defendant must show: (1) erroneous denial of the challenge for cause; and (2) use of all peremptory challenges. State v. Lee, 559 So.2d 1310, 1316 (La.1990), cert. denied, ___ U.S. ___, 111 S.Ct. 1431, 113 L.Ed.2d 482 (1991); State v. Sugar, 408 So.2d 1329 (La.1982); State v. Sylvester, 400 So.2d 640 (La.1981); State v. Monroe, 366 So.2d 1345 (La.1978).
La.C.Cr.P. art. 797(4) provides that the state or the defendant may challenge a juror for cause if the juror will not accept the law given by the court. A belief that the death penalty should be imposed for any capital conviction reflects on an individual's ability to follow the law given by the court. Morgan v. Illinois, 504 U.S.___, 112 S.Ct. 2222, 119 L.Ed.2d 492 (1992). A prospective juror should be excused for cause if the juror's death penalty views would substantially impair performance of the juror's duties. Wainwright v. Witt, 469 U.S. 412, 105 S.Ct. 844, 83 L.Ed.2d 841 (1985).

CONCLUSION
The juror's fixed belief that the death penalty is the only appropriate punishment for first degree murder required that he be dismissed for cause. When a juror holding that opinion is not excused for cause and the defense exhausts its peremptory challenges, there is reversible trial court error. Therefore, the conviction of Tyskie Tyrone Ross is reversed and vacated. Because of the trial error, defendant must be given a new trial.
REVERSED: CONVICTION VACATED: REMANDED.
NOTES
[1] Pursuant to Rule IV, Part 2, § 3, Lemmon, J. was not on the panel which heard and decided this case. See the footnote in State v. Barras, 615 So.2d 285 (La.1993).