I, WILLIAMS, Judge.
The defendant, JaQuinton King, was charged by bill of information with one count of distribution of cocaine, a violation of LSA-R.S. 40:967. After a jury trial, the defendant was found guilty as charged. The trial court sentenced the defendant to serve five years at hard labor without the benefit of probation, parole or suspension of sentence. A timely filed motion to reconsider sentence was denied. Defendant now appeals his conviction and sentence. For the following reasons, we affirm.

FACTS

On September 30, 1997, two deputies of the Caddo Parish Sheriffs Office and a confidential information (Cl) were working with the DeSoto Parish Narcotics Task Force in an enforcement operation in Mansfield, Louisiana. The Cl approached the defendant to discuss a drug deal. Defendant then discussed the deal with the two deputies. Defendant gave a rock of cocaine to his sixteen-year-old companion, Brandon Bates. Immediately thereafter, Bates delivered defendant’s rock and two of his own to the deputies. The deputies then gave the money to Bates who in turn gave it to defendant.

DISCUSSION

ASSIGNMENT OF ERROR NO. %

Sufficiency of the evidence

By this assignment, the defendant contends the evidence was insufficient to convict him of distribution of cocaine. He argues that there were inconsistencies in the testimony presented by the state’s witnesses.
Although the record does not reflect that defendant filed a motion for post-verdict judgment of acquittal pursuant to LSA-C.Cr.P. art. 821, this court will consider sufficiency arguments in the absence of such a motion. State v. Green, 28,994 (La.App.2d Cir.2/26/97), 691 So.2d 1273.
| a Under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the proper standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Bellamy, 599 So.2d 326 (La.App. 2d Cir.), writ denied, 605 So.2d 1089 (1992).
This court’s authority to review questions of fact in a criminal case is limited to the sufficiency-of-the-evidence evaluation under Jackson v. Virginia, supra, and does not extend to credibility determinations made by the trier of fact. La. Const, art. 5, § 10(B); State v. Williams, 448 So.2d 753 (La.App. 2d Cir.1984). A reviewing court accords great deference to a jury’s decision to accept or reject the testimony of a witness in whole or in part. State v. Bosley, 29,253 (La.App.2d Cir.4/2/97), 691 So.2d 347, writ denied, 97-1203 (La.10/17/97), 701 So.2d 1333; State v. Rogers, 494 So.2d 1251 (La.App. 2d Cir. 1986), writ denied, 499 So.2d 83 (1987).
In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness’s testimony, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. State v. White, 28,095 (La.App.2d Cir. 5/8/96), 674 So.2d 1018, writ denied, 96-1459 (La.11/15/96), 682 So.2d 760.
The crime of distribution is the knowing and intentional distribution of a controlled dangerous substance. State v. Fairley, 25,951 (La.App.2d Cir.5/4/94), 645 So.2d 213, writ denied, 94-1940 (La.11/11/94), 645 So.2d 1152, 94-2909 (La.3/24/95), 651 So.2d 287. Therefore, to convict the defendant of this offense, the state must prove that he did knowingly and intentionally distribute cocaine.
At trial, the state presented the testimony of several witnesses. Horace Womack, a narcotics detective with the DeSoto Par *110 ish Sheriffs Office, testified |3concerning the procedures used in operations involving undercover agents and CIs. According to agent Womack, on September 30, 1997, he worked an operation with agents April Wright and Rick Farris. The car they were using was equipped with a video camera. Agent Womack identified a package as the cocaine obtained from defendant.
■ Rick Farris, a narcotics agent with the Caddo Parish Sheriffs Office, testified concerning his background, training, and then-procedure during undercover operations. He stated that on the date in question, he worked with agent April Wright and he was the driver of the assigned vehicle. The Cl was in the right passenger seat and agent Wright was in the rear seat. They drove to an area in South Mansfield, where the Cl identified defendant and Brandon Bates. The two suspects were riding on the back of a white pickup truck. When the pickup stopped, the Cl went to the truck and talked with defendant. The defendant then walked over to the assigned vehicle and asked the agents what they wanted. Agent Farris asked the defendant if he had 30, meaning $30 worth of crack cocaine. Defendant said all he had was one. According to agent Farris, the defendant placed a sandwich or something that had been in his hand “on the top of the vehicle and got the one rock of crack cocaine.” Defendant gave the cocaine to Bates who in turn placed the rock of cocaine on the front passenger seat of the agents’ car. Agent Wright handed Bates $30 in currency. Bates gave the money to defendant. Defendant put the money in his pocket. Agent Farris positively identified the defendant as the person who had sold them the cocaine.
On cross-examination, agent Farris said he was certain the defendant was the dealer. He also testified that the Cl had been searched before this operation began and he did not have any drugs in his possession.
The video camera photographed the defendant’s head inside the agents’ car. The state played the videotape for the jury. Agent Farris identified the Cl and the 14defendant. Agent Farris testified, “You can barely hear, he said, ‘all I got is one.’ ” Agent Farris testified that although he did not know exactly what defendant was doing while his hands were on the roof of the agents’ car, agent Farris leaned his head outside of the undercover car and saw defendant pull a rock of crack cocaine from his pocket. Defendant had exhibited that rock to the agents when asked if he “had 30” and replied he only had one. Agent Farris testified that he was not certain how many rocks Bates put on the seat.
April Wright, a Caddo Parish sheriffs narcotics agent, testified that she worked this undercover operation with agent Far-ris. According to agent Wright, the Cl had been searched and did not have any drugs on him. The two agents and the Cl first saw defendant and Bates in the back of a pickup truck. When the truck stopped, the Cl talked to defendant. Defendant and Bates approached the agents’ car. Agent Wright was in the back seat. Farris asked defendant if he had 30. Defendant said he had only one. Agent Wright testified that the defendant actually gave one rock to Bates, and Bates provided two more to complete the sale of three rocks to the agents. Bates then put three rocks in the agents’ car. Wright gave the money to Bates, and Bates handed the money to defendant. On cross-examination, agent Wright testified that she had not seen defendant in possession of any contraband before he handed a rock to Bates. Although agent Wright did not remember the exact denominations used for the buy money, she knew that she gave $30 to Bates.
Brandon Bates testified that he was presently housed in a juvenile detention center for “selling dope.” He testified that the dope he sold came from himself and from defendant. According to Bates, he put the dope “in the seat of the car.” He gave some of the money he got for it to defendant. Bates identified defendant as *111 the person who gave him the dope on September 30,1997.
The evidence shows that defendant approached the agents and discussed the [ Rdrug sale with them. He exhibited a rock of a substance which later was determined to be cocaine. Therefore, the state proved that the defendant had knowledge and intent. Defendant gave the rock to an associate who delivered the cocaine to the agents. Thus, as a principal, defendant delivered the contraband to the third party. At that point, the crime of distribution of cocaine was complete. The actions of the participants were published to the jury twice via a videotape. There is no irreconcilable conflict in the testimony. There was ample evidence for any rational juror to conclude that the defendant was guilty of distribution of cocaine beyond a reasonable doubt. This assignment lacks merit.

ASSIGNMENT OF ERROR NO. 1

Denial of motion for reconsideration

Defendant also contends the trial court erred in denying his motion for reconsideration because the sentencing judge failed to articulate for the record sufficient reasons to justify the sentence imposed, that the sentence is excessive, and that the minimum mandatory requirement is in violation of the state and federal constitutions because it removes sentencing discretion from the judicial branch.
Prior to imposing sentence, the trial court listened to character references from a Reverend Hall, who pointed out that this was defendant’s first conviction, and from defendant’s grandfather, Mr. Vanzant. The court also considered a presentence investigation report (“PSI”) which had been shown to defense counsel prior to the sentencing hearing. There were no objections to the report. Counsel pointed put that defendant was working on his G.E.D. Defendant had been expelled from high school for disruptive behavior. Defendant did not regularly attend church, had not maintained employment, and had not served in the armed services. The statute of conviction requires a minimum mandatory sentence of five years which must be served without benefit of parole, probation or suspension | Rof sentence, thus a suspended sentence was not an option. The PSI report indicates defendant was seventeen years old at the time of this offense. He was on juvenile probation at the time of this offense for illegal possession of stolen things. The PSI also discusses defendant’s personal life, family history, and states that he lived with his parents. He is in good health and has a ninth-grade education.
The trial court imposed the minimum sentence prescribed by statute. Defendant cites no authority to buttress his claims that a minimum mandatory sentence is unconstitutional. It is well-settled that a minimum sentence compelled by Louisiana law is presumed to be constitutional and not excessive. State v. Juarez, 624 So.2d 26 (La.App. 2d Cir.1993). Under these circumstances, the court’s articulation of the factors involved and its reasons for sentence were adequate. The sentence is not constitutionally excessive.
This assignment lacks merit.

ERROR PATENT REVIEW

Defendant’s third and final assignment of error, raised only in brief and not in his formal assignments, was a request for this court to review the record for errors patent on the face of the record. This request is unnecessary since such a review is made automatically in all criminal cases. State v. Stamper, 615 So.2d 1359 (La.App. 2d Cir.1993), modified on other grounds, 624 So.2d 1208 (La.1993); State v. Bryant, 29,344 (La.App.2d Cir.5/7/97), 694 So.2d 556.
We have examined the record for errors patent and found none.

CONCLUSION

For the foregoing reasons, the defendant’s conviction and sentence are AFFIRMED.