JjCOOKS, Judge.
Defendant, Donald R. Martin, appeals his conviction for obscenity, in violation of La.R.S. 14:106(A)(1). For the following reasons, we reverse defendant’s conviction and sentence and remand the case for a new trial.
BACKGROUND FACTS AND PROCEDURAL HISTORY
At various times during October 1997, Martin exposed himself to several different women at an apartment complex and inside the Avoyelles Parish Jail, where he worked as a guard.
Martin was arrested and charged by bill of information with three counts of obscenity, in violation of La.R.S. 14:106(A)(1). The first count was dismissed. After trial by jury, on the remaining counts, Martin was found guilty as charged. The trial court sentenced him to serve two years at hard labor on each count. The sentences were suspended and Martin was placed on probation for two years, with the following special conditions: 1) six months imprisonment in the Avoyelles Parish Jail on each count, to run concurrently; 2) attend mental health sessions for a minimum of two visits per month; and 3) pay fines and costs. Martin lodged this appeal and assigned nine (9) errors for our review. Because we find Martin’s first assignment of error ^meritorious, consideration of the remaining assignments is pretermitted.
ASSIGNMENT OF ERROR NO. 1
Martin contends the trial court committed reversible error when it denied his challenge seeking to excuse prospective juror Adline Washington Ivory for cause. As a result, Martin complains he was forced to use one of his allotted peremptory challenges to excuse this juror; thereby prejudicing his right to effective voir dire examination and the selection of a fair and impartial jury.
During voir dire, Ivory admitted she has known Martin for approximately two and one-half years. Martin was involved in a relationship with Ivory’s sister, which ended on less than amicable terms. The day prior to trial, Martin made a court appearance in connection with a paternity action filed against him by Ivory’s sister. After Ivory’s admission the following exchange occurred:
BY THE COURT:
The fact that you know Mr. Martin, would that make you automatically lean for or against him because you know him well? Don’t say which way you would lean in case you would lean, but do you ... would you automatically be leaning one way or the other, without hearing any evidence?
A: I might have a little something against Mr. Martin.
BY THE COURT:
You might have something against him?
A: Uh-huh.
The Court then inquired:
BY THE COURT:
If the state of Louisiana did not present enough evidence to convince you beyond a reasonable doubt that Mr. Martin was guilty, if you say, well, they hadn’t gotten there, I just don’t believe he’s guilty, would you still vote guilty just because you hold something against him?
13A: No, sir.
BY THE COURT:
Would you be fair and impartial?
A: I would be fair.
Later, however, when question by defense counsel, Ivory was less confident about remaining impartial:
Q: Okay. Your sister, is it not correct, has filed a paternity action against Mr. Martin?
A: Yes, sir.
Q: They were just in court yesterday on that?
*317 A: Yes, sir.
Q: You’re pretty familiar with that—
A: Yes, sir, I am.
Q: Do you think — and I’m not trying to embarrass you, because everybody needs to be honest — don’t you think that would tend to keep you from being completely fair in this case? Are you comfortable — Let me just ask you that way.
A: Am I comfortable?
Q: Yeah.
A: Not really.
Q: I can understand that — That’s more than understandable, for anybody involved. Would you rather not serve on this jury for that reason? Or some other reason?
A: I would be fair, but I don’t know. I just don’t know what, you know, I might look at something different, you know, I don’t know, I’m only human.
Following this exchange, the defense challenged Ivory for cause based on her admitted uncertainty as to whether she could remain partial. The court denied defendant’s challenge stating:
|4I beg to differ. I’m uncomfortable on a lot of cases that I serve as judge, but I’ve got to serve anyway because that’s my job. Now, if she had gone so far as to say no matter what happened, and no matter what the facts were in this case, she was going to find this man guilty or not guilty and admitted because of that, definitely — She said she had some problems, that she had some concerns. But she also said she would be fair and impartial and do her job. And she got close, but she didn’t get far enough to be challenged for cause. So again denied. Anybody else?
La. Const, art. I, § 17 guarantees “[t]he accused shall have the right to full voir dire examination of prospective jurors and to challenge jurors peremptorily.” La.Code Crim.P. art. 766 provides when a defendant is exposed to death or imprisonment at hard labor, he must be allotted twelve peremptory challenges. Our State Supreme Court has held, without retreat, when a defendant exhausts all of his peremptory challenges, using one to remove a prospective juror, which the trial court erroneously failed to excuse, a substantial violation of his constitutional and statutory rights has occurred which necessarily require reversal of his conviction and sentence. State v. Cross, 93-1189, (La.6/30/95); 658 So.2d 683; State v. Maxie, 93-2158 (La.4/10/95); 653 So.2d 526; State v. Robertson, 92-2660 (La.1/14/94); 630 So.2d 1278; State v. McIntyre, 365 So.2d 1348 (La.1978). Thus, “[prejudice is presumed when a challenge for cause is erroneously denied by a trial court and the defendant has exhausted all of his peremptory challenges.” Cross, 658 So.2d at 686.
To prove reversible error occurred, defendant is required to show only “(1) the erroneous denial of a challenge for cause; and (2) the use of all his peremptory challenges.” Cross, 658 So.2d at 686; Robertson, 630 So.2d at 1281; State v. Ross, 623 So.2d 643, 644 (La.1993); State v. Comeaux, 514 So.2d 84, 93 (La.1987). The trial judge is vested with broad discretion in ruling on challenges for cause, and his ruling will be reversed only when a review of the entire voir dire reveals the judge abused his discretion. Id. [citing Robertson, 630 So.2d at 1278; Ross, 623 So.2d at 644; Comeaux, 514 So.2d at 93.] “A trial judge’s refusal to excuse a prospective juror for cause is not an abuse of discretion, notwithstanding that the juror has voiced an opinion seemingly prejudicial to the defense, where subsequently, on farther inquiry or instruction, [the juror] has demonstrated a willingness and ability to decide the case impartially according to the law and the evidence.” Cross, 658 So.2d at 687(emphasis in original). See also State v. Welcome, 458 So.2d 1235 (La. 1983), cert. denied, 470 U.S. 1088, 105 S.Ct. 1856, 85 L.Ed.2d 152 (1985); State v. Passman, 345 So.2d 874, 880 (La.1977). In this case, defendant exhausted all of his peremptory challenges. Thus, the only question left for our determination on appeal is *318 whether the trial judge erred in denying defendant’s challenge seeking to excuse Ivory from the jury venire for cause.
La.Code Crim.P. art. 797 provides, in pertinent part, the state or the defendant may challenge a juror for cause on the grounds that:
[[Image here]]
(2) The juror is not impartial, whatever the cause of his partiality. An opinion or impression as to the guilt or innocence of the defendant shall not of itself be sufficient ground of challenge to a juror, if he declares, and the- court is satisfied, that he can render an impartial verdict according to the law and the evidence;
(3) The relationship whether, by blood, marriage, employment, friendship, or enmity between the juror and the defendant, the person injured by the offense, the district attorney, or defense counsel, is such that it is reasonable to conclude that it would influence the juror in arriving at a verdict;
* * * * * *
A review of the voir dire evidences Ivory’s admission that she is inclined to be biased against Martin. Although the trial judge attempted to rehabilitate this juror and she affirmatively answered his questions, Ivory’s answers to defense counsel’s questions convinces us she could not honestly put aside her prejudice and remain objective. Nothing so clearly indicates this than Ivory’s last words when she | (¡responded to defense counsel’s questions regarding her predisposition. Despite previous assurances, Ivory remained doubtful as to whether she could be impartial. We simply cannot ignore Ivory’s uncertainty and find with confidence her indecisiveness did not impact her ability to apply the law in this case. Thus, we conclude the trial court’s failure to excuse Ivory for cause was an abuse of discretion. We must reverse defendant’s conviction and sentence.
DECREE
For the foregoing reasons, the defendant’s conviction is set aside and the case remanded for a new trial.
CONVICTION AND SENTENCE VACATED AND REMANDED.
DOUCET, C.J., would affirm the trial court’s ruling.